Argued April 7, affirmed May 11, rehearing denied June 1, 1926.

## CLARA HEINEMANN v. SOLOMON HEINE-MANN.

(245 Pac. 1082.)

**Divorce — Charge in Divorce Complaint of Impotency Held not Ground for Divorce, Unless Wanton and Malicious and Causing Defendant Such Mental Suffering as to be Injurious to Health.**

1.  Charge in divorce complaint that husband was impotent *held* not cruelty which was ground for divorce, unless wanton and malicious and causing defendant such mental suffering as to be injurious to his health.

**Divorce—Unsupported Charge in Divorce Complaint of "Impotency" Held not Ground for Divorce, Where not Made Maliciously.**

2.  Unsupported charge in divorce complaint that husband was impotent *held* not ground for divorce, where not made maliciously; "impotency" being inability to copulate.

———

Divorce, 19 C. J., p. 52, n. 75, p. 53, n. 96, 96 New, p. 131, n. 97. "Impotency," 31 C. J., p. 259, n. 56, New.

From Multnomah: WALTER H. EVANS, Judge.

Department 2.

AFFIRMED. REHEARING DENIED.

For appellant there was a brief over the name of *Messrs. Platt & Platt & Fales* and *Mr. Hugh Montgomery*, with an oral argument by *Mr. Montgomery*.

For respondent there was a brief over the name of *Messrs. Bowerman & Kavanaugh,* with an oral argument by *Mr. J. P. Kavanaugh.*

BROWN, J.—This is a suit for divorce, based upon the alleged cruel and inhuman treatment of plaintiff by defendant, and, further, upon the alleged impotency of the defendant at the time of the marriage, which impotency continued to the commencement of plaintiff's suit. The defendant denied the charges of cruel and inhuman treatment, and denied the allegation of impotency. He filed a cross-complaint, in which he pleaded an affirmative defense in the form of an estoppel. By a second affirmative answer and cross-complaint, he alleged that his wife was guilty of cruel and inhuman treatment and personal indignities, rendering life with her burdensome; and, by a third, he averred that the plaintiff's second alleged cause of divorce, the impotency of defendant, was false; that it held defendant up to ridicule in the community in which he lived, and was a personal indignity, rendering his life burdensome. Defendant's affirmative allegations were put in issue by plaintiff's reply. Upon the trial of the cause, the court dismissed the suit as to both parties. The defendant alone appeals from that decree.

The parties hereto were married on December 1, 1920, in a suite of rooms occupied by Solomon Heinemann, the defendant, at the Multnomah Hotel, Portland, Oregon. At that time Mr. Heinemann was a widower 64 years of age and the plaintiff a widow 58 years old. At the time of his marriage, the defendant was convalescing from the effects of an operation for appendicitis, and he arose from a sick-

bed when the marriage ceremony was performed. The plaintiff seems to have been an industrious woman, with an unblemished reputation for womanly virtues. She had been housekeeper at the Portland Hotel in 1911 and 1912, where she became acquainted with Mr. Heinemann, Later, she was employed as a saleslady at the Emporium Suit House, Portland, for about eight years. The defendant seems to have been very fond of his wife. While testifying, he stated:

"There was the most happiest marriage that I thought there was; we lived in perfect harmony."

There is testimony tending to show that the defendant kept his wife in the seclusion of his suite of rooms, apart from all friends. He was ill and nervous. The wife's horizon being limited by her husband's apartments, she, thus denied the companionship of her former friends, became lonely and dissatisfied. They quarreled, and on March 17, 1923, the plaintiff announced to defendant that she intended to leave him. And she did. This suit followed. The plaintiff, regarding herself as faultless, imagined that her husband was the efficient cause of their domestic infelicity, while the defendant, equally certain of his own virtues, looked upon his wife as the offender against their happiness.

1, 2. The plaintiff not having appealed from the court's decree, we are concerned only with the sufficiency of the proof as it relates to the defendant's suit. We refrain from setting out the evidence in support or in rebuttal thereof. Its recordation herein would benefit nobody. The only difficult question in the case involves the plaintiff's averment of defendant's impotency. Does that charge constitute

such wrongful treatment as to afford defendant grounds for a divorce? The defendant could not have been granted a divorce upon the ground of cruelty as alleged in his third affirmative answer and cross-complaint, unless the charge of impotency set down therein was wantonly and maliciously made and caused the defendant such mental suffering as to be injurious to his health. In 19 C. J., Divorce, Section 93, the author announces the doctrine that, where false accusations are purposely and maliciously made in a pleading for a divorce suit and become a matter of public record, such formal accusation aggravates the cruelty. The author adds:

"A false and malicious imputation of incapacity for the marital relation, causing mental suffering to the injured party and consequent impairment of health, is cruelty for which a divorce may be granted." 19 C. J., Divorce, § 96.

In support of this proposition, the following authorities appear in note 96: *Berdolt* v. *Berdolt,* 56 Neb. 792 (77 N. W. 399); *Van Arsdalen* v. *Van Arsdalen,* 30 N. J. Eq. 359. However, in each of these two cases, the defendant described to a number of persons, "with disgusting particularity * * , the physical defects which he imputed to" his wife. In each case, the representations relating to the impotency of the wife were false and were made with malice aforethought. Moreover, the latter case was not a suit for divorce, but was a proceeding for maintenance.

The word "impotency," as used in the divorce statute, means inability to copulate: *Carmichael* v. *Carmichael,* 106 Or. 198 (211 Pac. 916). In some cases, impotency arises from immoral practices, while

in others this condition naturally accompanies old age. The plaintiff herein failed to prove the alleged impotency of the defendant. However, we are not satisfied that she made the charge maliciously: *Hawley* v. *Hawley,* 101 Or. 649 (199 Pac. 589). Whether a charge of impotency involves cruelty depends upon the circumstances surrounding a given case: 2 Wharton & Stille's Medical Jurisprudence, §§ 202–211, incl.; A System of Legal Medicine, Allan McLane Hamilton and Others, vol. 2, p. 497; 1 Legal Medicine and Toxicology, Peterson, Haines, Webster, p. 1023.

We are of opinion that the court properly denied defendant's prayer for a divorce.

The decree is affirmed.

AFFIRMED. REHEARING DENIED.

McBRIDE, C. J., and BEAN and BELT, JJ., concur.